# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ORCHID GLOBAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2025-0605-LWW |
| | ) | |
| DAVID SALAMON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Date Submitted: January 20, 2026
Date Decided: April 10, 2026

Jeremy D. Anderson, BAKER & HOSTETLER LLP, Wilmington, Delaware; *Counsel for Plaintiff Orchid Global, Inc.*

Samuel L. Closic, Caneel Radinson-Blasucci, & Kirsten M. Valania, PRICKETT, JONES & ELLIOTT, P.A., Wilmington, Delaware; *Counsel for Defendant David Salamon*

**WILL, Vice Chancellor**

Delaware corporations often adopt forum selection bylaws to channel internal governance disputes to the Court of Chancery, where such provisions are routinely enforced. This case involves an attempt to stretch one beyond its plain text.

A corporation has brought this declaratory judgment action against a California minority stockholder, seeking to establish that Delaware law governs the stockholder's demand to inspect corporate records. The stockholder moved to dismiss for lack of personal jurisdiction. Although the dispute concerns inspection rights—an internal affairs matter—the bylaw does not apply to this suit filed by a corporation against a stockholder.

Because the bylaw does not constitute consent to be sued in Delaware, and no other basis for jurisdiction exists, the stockholder's motion to dismiss is granted.

## I. BACKGROUND

Unless otherwise noted, the factual background is drawn from the complaint and documents it incorporates by reference.[1]

### A. The Inspection Demand

Plaintiff Orchid Global, Inc. is a closely-held Delaware corporation headquartered in San Francisco, California.[2] Defendant David Salamon is a

---

[1] *See* Verified Compl. (Dkt. 1) ("Compl.").

[2] *Id.* ¶ 4 (noting that though Orchid identifies its principal place of business as San Francisco, it has been remote since 2020).

California resident who holds 11.11% of Orchid's common stock.[3]  He is not—and has never been—an officer or director of Orchid.[4]  He was a full-time contractor for Orchid and its predecessor from 2017 to 2019.[5]

In December 2024, Orchid offered to repurchase Salamon's shares for approximately $1.37 million.[6]  To assess the offer and fair market value of his shares, Salamon made an inspection demand under California Corporations Code §§ 1600-01 for Orchid's books and records.[7]  In April 2025, Orchid refused the demand on the ground that Orchid "is a Delaware corporation."[8]

### B.  The California Litigation

In April 2025, Salamon petitioned the Superior Court of California to enforce his inspection demand under California law.[9]  In May, Orchid moved to stay the California action on forum *non conveniens* grounds.[10]  It told the California court

---

[3] *Id.* ¶ 5; *see* Aff. of David Salamon (Dkt. 13) ("Salamon Aff.") ¶¶ 2, 4.

[4] Salamon Aff. ¶ 4.

[5] *Id.* ¶ 5.

[6] *Id.* ¶ 8; *id.* at Ex. 1; *see* Compl. ¶ 6.

[7] Compl. ¶ 11; *id.* at Ex. 2.

[8] Compl. ¶ 12 (emphasis omitted); *id.* at Ex. 3.

[9] Compl. ¶ 15; *see* Salamon Aff. ¶ 12; *id.* at Ex. 4.

[10] *See* Pl.'s Opp'n to Def.'s Mot. to Dismiss and Cross-Mot. for J. on the Pleadings (Dkt. 20) ("Pl.'s Opp'n Br.") Ex. B.

that its bylaws require stockholders to press claims for books and records in Delaware.[11]

In July, the California court granted Orchid's motion to stay.[12]  It explained that both Delaware and California law recognize "inspection rights under Corporations Code [S]ection 1601 [are] subject to the internal affairs doctrine."[13]  It also rejected Salamon's argument that enforcing the forum selection clause in Orchid's bylaws would "vitiate his unwaivable right as a California resident shareholder to inspect Orchid's books."[14]

## C.    This Litigation

On May 30, 2025, while the California suit was pending, Orchid filed this action against Salamon.[15]  It advances a single claim for a declaratory judgment that Delaware law governs Salamon's inspection rights and that it need not produce books and records in response to the California demand.[16]

On July 23, Salamon moved to dismiss this action for lack of personal jurisdiction.[17]  Orchid opposed the motion and cross-moved for judgment on the

---

[11] *Id.*

[12] Pl.'s Opp'n Br. Ex. C.

[13] *Id.* at 3 (citation omitted).

[14] *Id.* at 5 (citation omitted).

[15] Dkt. 1.

[16] Compl. ¶¶ 20-22.

[17] Def.'s Opening Br. in Supp. of Mot. to Dismiss (Dkt. 13) ("Def.'s Opening Br.").

3

pleadings.[18]   After Salamon pointed out that the cross-motion was procedurally improper, Orchid withdrew it.[19]   Oral argument on the motion to dismiss took place on January 20, 2026, and the motion was taken under advisement.[20]

## II.   ANALYSIS

When a defendant moves to dismiss a complaint for lack of personal jurisdiction under Court of Chancery Rule 12(b)(2), "the plaintiff bears the burden of showing a basis for the court's exercise of jurisdiction over the nonresident defendant."[21]   In ruling on the motion, "the court may consider the pleadings, affidavits, and any discovery of record."[22]   The plaintiff "need only make a *prima facie* showing of personal jurisdiction and 'the record is construed in the light most favorable to the plaintiff.'"[23]

---

[18] *See supra* note 10.

[19] Def.'s Reply Br. in Supp. of Mot. to Dismiss and in Opp'n to Pl.'s Mot. for J. on the Pleadings (Dkt. 23) ("Def.'s Reply Br.") 1; Notice of Withdrawal of Pl.'s Cross-Mot. for J. on the Pleadings (Dkt. 25).

[20] Tr. of Oral Arg. on Def.'s Mot. to Dismiss and Pl.'s Cross-Mot. for J. on the Pleadings (Dkt. 28).

[21] *Werner v. Miller Tech. Mgmt., L.P.*, 831 A.2d 318, 326 (Del. Ch. 2003).

[22] *Ryan v. Gifford*, 935 A.2d 258, 265 (Del. Ch. 2007).

[23] *Id.* (quoting *Cornerstone Techs., LLC v. Conrad*, 2003 WL 1787959, at *3 (Del. Ch. Mar. 31, 2003)).

The court follows a two-step personal jurisdiction analysis.[24] First, it assesses whether the plaintiff has shown a proper basis for personal jurisdiction.[25] If the first step is satisfied, then the court considers whether exercising jurisdiction over the nonresident defendant comports with the Due Process Clause of the Fourteenth Amendment.[26]

## A.    The Forum Selection Clause

"Delaware courts can exercise personal jurisdiction over nonresident defendants by statutory means, consent through conduct, or by 'dint of a contractual arrangement.'"[27] Orchid does not argue that a statutory basis for jurisdiction exists.[28] Nor could it. Salamon is a California resident whose only connection to Delaware is his ownership of Orchid stock.[29] Stock ownership alone is insufficient to establish personal jurisdiction.[30]

---

[24] *See Hercules Inc. v. Leu Tr. & Banking (Bahamas) Ltd.*, 611 A.2d 476, 480-81 (Del. 1992).

[25] *See Lisa, S.A. v. Mayorga*, 2009 WL 1846308, at *5 (Del. Ch. June 22, 2009), *aff'd*, 993 A.2d 1042 (Del. 2010).

[26] *Hercules*, 611 A.2d at 481.

[27] *BuzzFeed, Inc. v. Anderson*, 2022 WL 15627216, at *16 (Del. Ch. Oct. 28, 2022) (citation omitted); *see also* 10 *Del. C.* § 3104.

[28] *See* Pl.'s Opp'n Br. 16 n.5.

[29] Salamon Aff. ¶¶ 2-4.

[30] *See Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (holding that mere ownership of stock in a Delaware entity is insufficient to establish personal jurisdiction); *In re Pilgrim's Pride Corp. Deriv. Litig.*, 2019 WL 1224556, at *14 (Del. Ch. Mar. 15, 2019) ("Longstanding Delaware precedent holds that purchasing or owning shares of stock in a Delaware corporation, standing alone, is not enough to enable a Delaware court to exercise

Orchid relies instead on its Delaware forum selection bylaw. It asserts that Salamon expressly consented to jurisdiction through the bylaw and implicitly consented through his conduct.[31] It has not carried its burden on either theory because this suit falls outside the scope of the forum provision.

1.    Express Consent

Delaware courts interpret bylaws using standard principles of contract interpretation, giving unambiguous terms their plain and ordinary meaning.[32] Orchid's forum selection bylaw provides:

> **Forum.** Unless the corporation consents in writing to the selection of an alternative forum, the Court of Chancery of the State of Delaware shall be the sole and exclusive forum for (i) any derivative action or proceeding brought on behalf of the corporation; (ii) any action asserting a claim of breach of a fiduciary duty owed by any director, officer or other employee of the corporation to the corporation or the corporation's stockholders; (iii) any action asserting a claim against the corporation or any director or officer or other employee of the corporation arising pursuant to any provision of the DGCL, the certificate of incorporation or the Bylaws of the corporation; or

---

personal jurisdiction over a non-consenting party, even in cases of sole ownership." (citation omitted)).

[31] *See* Pl.'s Opp'n Br. 9-16.

[32] *See GMG Cap. Invs., LLC v. Athenian Venture P'rs I, L.P.*, 36 A.3d 776, 780 (Del. 2012) (explaining that Delaware courts "will interpret clear and unambiguous terms according to their ordinary meaning[]" (citation omitted)); *see also Mack v. Rev Worldwide, Inc.*, 2020 WL 7774604, at *7 (Del. Ch. Dec. 30, 2020) ("Delaware law views such bylaws as 'contractual' and enforces them 'in the same way [Delaware] enforces any other forum selection clause.'" (quoting *Boilermakers Loc. 154 Ret. Fund v. Chevron Corp.*, 73 A.3d 934, 939-40 (Del. Ch. 2013))).

(iv) any action asserting a claim against the corporation or any director or officer or other employee of the corporation governed by the internal affairs doctrine.[33]

Orchid argues that this suit falls within the bylaw's scope because it is an action "pursuant to any provision of the DGCL" (subsection (iii)) and is "governed by the internal affairs doctrine" (subsection (iv)).[34]

This argument ignores the plain text of the forum provision. Subsections (iii) and (iv) apply only to an "action asserting a claim *against* the corporation or any director or officer or other employee."[35] This lawsuit is the opposite: a declaratory judgment action brought by the corporation against a minority stockholder.[36] The bylaw regulates where a stockholder may sue Orchid. It does not constitute consent by a stockholder to be sued by Orchid in Delaware.

Orchid attempts to overcome this textual hurdle by insisting the suit is the mirror image of Salamon's inspection demand and California action. It posits that because the underlying controversy involves inspection rights, and inspection rights are an internal affairs matter, then the bylaw should apply regardless of who filed the complaint.[37] I disagree.

---

[33] Compl. Ex. 5 § 49.

[34] Pl.'s Opp'n Br. 9 (quoting Compl. Ex. 5 § 49).

[35] Compl. Ex. 5 § 49 (emphasis added).

[36] *See* Compl. ¶¶ 1, 20-23.

[37] Pl.'s Opp'n Br. 12-13.

Although the subject matter of the dispute is relevant for the application of Delaware law, the identity of the plaintiff is dispositive for purposes of consent under the bylaw. A stockholder consents to jurisdiction in Delaware if she files a claim covered by the bylaw. She does not, merely by holding stock, consent to be sued in Delaware on matters where the bylaw is silent. To hold otherwise would allow a corporation to subject a nonresident stockholder to personal jurisdiction simply by filing a declaratory judgment action, irrespective of a forum provision's scope.

The holding of *Juul Labs, Inc. v. Grove* does not cure this defect. Orchid cites *Juul* for the notion that an action to enforce inspection rights is a "claim against the corporation" governed by the internal affairs doctrine.[38] That is correct. In *Juul*, the Court of Chancery held that a stockholder seeking to vindicate its inspection rights must proceed under Delaware law in the forum designated by the corporation's governing documents.[39]

But *Juul* did not address personal jurisdiction. There, the stockholder defendant answered the complaint, waiving that defense.[40] Salamon, by contrast, has preserved his objection.

Orchid's forum selection bylaw does not apply to actions brought by the

---

[38] *Id.* at 10-11; *see Juul Labs, Inc. v. Grove*, 238 A.3d 904, 914, 918-19 (Del. Ch. 2020).

[39] *Juul*, 238 A.3d at 918.

[40] *See* Def.'s Answer and Affirmative Defenses to Verified Compl., *Juul Labs, Inc. v. Grove*, C.A. No. 2020-0005-JTL (Del. Ch. Jan. 31, 2020).

corporation against a stockholder. Salamon therefore did not expressly consent to personal jurisdiction in Delaware.[41]

###### 2. Implied Consent

Orchid also argues that Salamon implicitly consented to jurisdiction by holding stock while the forum selection bylaw was in effect.[42] It relies on case law "appl[ying] principles of implied consent to hold that when parties specify an exclusive forum for disputes, they implicitly agree to the existence of personal jurisdiction in that forum."[43] That precedent is inapposite.

In *In re Pilgrim's Pride Corporation Derivative Litigation*, the court held that a controlling stockholder, who designated six of the company's nine directors, implicitly consented to personal jurisdiction in Delaware when its board designees adopted a forum selection bylaw.[44] But it cautioned that finding implied consent for minority stockholders is a different matter.[45]

---

[41] *See Plaze, Inc. v. Callas*, 2019 WL 1028110, at *7 (Del. Ch. Feb. 28, 2019) (holding that a stockholder was not bound by a forum selection clause where it never agreed to be bound by the provision).

[42] Pl.'s Opp'n Br. 14-16.

[43] *Pilgrim's Pride*, 2019 WL 1224556, at *12; *see also In re Carvana Co. S'holders Litig.*, 2022 WL 3923826, at *3-6 (Del. Ch. Aug. 31, 2022).

[44] 2019 WL 1224556, at *13-14; *see also Carvana*, 2022 WL 3923826, at *3-6 (holding that a controlling stockholder implicitly consented to personal jurisdiction in Delaware by causing the company to adopt a forum selection provision in its certificate of incorporation).

[45] *Pilgrim's Pride*, 2019 WL 1224556, at *14 ("It is not clear to me that buying or continuing to hold shares in a Delaware corporation with an exclusive-forum provision

9

Salamon did not participate in the adoption of the bylaws. He is not a controlling stockholder, holding only 11.11% of Orchid's common stock.[46] And he lacks the individual ability to amend Orchid's bylaws.[47] There is no Delaware precedent recognizing implicit consent to personal jurisdiction on such facts. I decline to create it.

Even if there were an argument that Salamon implicitly consented to the forum selection bylaw, jurisdiction is absent for a more fundamental reason. As explained above, this action falls outside the scope of the forum provision. Salamon could not implicitly consent to litigate a claim the bylaw does not cover.

---

would constitute a sufficient degree of consent to imbue this court with the power to exercise personal jurisdiction over a stockholder who has no other ties to Delaware and did not otherwise participate in the adoption of the forum-selection clause.").

[46] Salamon Aff. ¶ 4.

[47] *Id.* ¶ 15.

## B.     Due Process

Having found no basis for jurisdiction over Salamon, I need not reach due process.[48]   In any event, Orchid failed to engage with Salamon's due process arguments, thereby waiving any opposition.[49]

## III.   CONCLUSION

Orchid has not met its burden to make a prima facie showing of personal jurisdiction over Salamon.  Because it has failed to demonstrate express or implied consent, Salamon's motion to dismiss under Rule 12(b)(2) is granted.  This action is dismissed without prejudice.

If Salamon wishes to inspect Orchid's books and records, he is free to file a Section 220 action in this court—at which point, he will have affirmatively invoked this court's jurisdiction.

---

[48] *Picard v. Wood*, 2012 WL 2865993, at \*2 (Del. Ch. July 12, 2012) (explaining that, where "the [p]laintiff has failed to meet his burden to show a basis for personal jurisdiction under the first prong of the personal jurisdiction analysis[,]" the court "need not consider whether" the exercise of personal jurisdiction "would comport with due process[]").

[49] *See* Def.'s Reply Br. 8 (noting Orchid's failure to address due process arguments).